IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-101 |
| JOEY LEROY BARTON | |

### UNITED STATES' SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said district, and submits this Sentencing Memorandum.

Upon consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a), the government requests that the Court to sentence defendant Joey Leroy Barton to the parties' agreed upon sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), as set forth in the plea letter. The United States respectfully submits that a sentence of twenty-five years' imprisonment, followed by a term of supervised release of 12 years, is a fair, just, and reasonable sentence that reflects the seriousness of defendant's conduct in this particular case.

I.   FACTUAL AND PROCEDURAL CONTEXT

Defendant Joey Leroy Barton has pleaded guilty to Counts Two and Four of a federal indictment, charging him with Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

In defendant's plea agreement, which was detailed on the record at the change of plea hearing on July 21, 2022, the defendant stipulated to numerous sentencing enhancements. The parties also stipulated as to the length of incarceration and supervised release that this Court should impose, pursuant to Rule 11(c)(1)(C). The egregious nature of defendant's offenses are well

1

known to the Court and detailed within the Presentence Investigation Report ("PSIR"). *See* Doc. No. 65. The government asks this Court to honor the parties' negotiated plea agreement.

## II. PENALTIES / ADVISORY GUIDELINE RANGE

Here, because the defendant has a qualifying prior sex offense conviction, *see* PSIR at ¶ 52, a violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) carries a mandatory minimum of fifteen years' imprisonment and maximum of forty years' imprisonment. PSIR at ¶ 90. Defendant may also be sentenced to a term of supervised release in any term of years not less than five and up to life. 18 U.S.C. § 3583(k). PSIR at ¶ 93. Here, with a criminal history category of V, the defendant's advisory guideline range is 262 to 327 months. *Id.* at ¶ 91.

## III. TITLE 18, UNITED STATES CODE, SECTION 3553(a)

This Court must impose a sentence that is reasonable in light of the factors listed in Title 18, United States Code, Section 3355(a) (hereinafter "the Section 3553(a) factors"). In applying the Section 3553(a) factors, the Court must exercise its discretion, while recognizing and responding to all non-frivolous arguments of the parties. *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006). The district court's record should reflect "meaningful consideration of the relevant sentencing factors." *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010); *United States v. Larkin*, 629 F.3d 177, 197 (3d Cir. 2010); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). However, the Court need not discuss each factor if the record makes clear that the Court took all relevant factors into account in imposing sentence. *United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014); *Cooper*, *supra*, 437 F.3d 329. In sentencing the defendant, the district court must articulate on the record that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The Court need not discuss every

defense argument, *United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010). Section 3553(a) directs federal courts to impose sentences that are sufficient to account for each of the relevant Section 3553(a) factors but not greater than necessary.

Given the defendant's prior criminal history, which includes the previous sexual abuse of minors, and the serious and disturbing factors of this case, a sentence of 25 years' imprisonment, followed by a term of 12 years' supervised release, as recommended by the parties, sufficiently accounts for each of the Section 3553(a) factors discussed below.

      **a.**      **The Nature and Circumstances of the Offense (18 U.S.C. § 3553(a))**

The nature and circumstances of defendant's offenses are extremely serious. Because of the defendant's conduct in this case, and because he has a prior qualifying sex conviction, Mr. Barton's total offense level is significantly increased under Section 4B1.5 of the Sentencing Guidelines. The seriousness of this offense is adequately addressed by the Guidelines.

The government notes that while the offenders of most child pornography offenses do not involve direct contact with the children in the images; here, defendant's direct victimization requires a punishment that reflects the seriousness of his offenses.

      **b.**      **History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))**

Defendant is now 52 years old. Mr. Barton's criminal history is substantial and, as the Court is aware, this is not defendant's first conviction, nor contact, for the sexual exploitation of a child. *See* PSIR, Part B, ¶¶ 50-54. In particular, the government notes defendant's conviction for Failure to Comply with Registration Requirement. PSIR at ¶ 53.

      **c.**      **Seriousness of the Offense, Respect for the Law, Provision of Just Punishment (18 U.S.C. § 3553(a)(2)(A))**

The defendant's sentence should reflect the gravity of the offense and the need for retribution such that the punishment fits and the crime and the defendant is punished justly. *See*

*Untied States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). This concept is especially applicable in the instant case because "child sex crimes are among the most egregious and despicable of societal and criminal offenses." *Id.*; *see also United States v. Foss*, 501 F.2d 522, 527 (1st Cir. 1974) (cited with approval in the legislative history of Section 3553(a)) ("[T]he view that punishment should fit the offender has never yet been held to eliminate general deterrence as a factor to be considered along with others . . . This is so even though general deterrence concerns itself not with the individual offender but with the sentence's impact on others.").

Here, the government submits that the parties' agreed upon sentence of 25 years' incarceration will promote seriousness for the offense and respect for the law, particularly as to those individuals who, like defendant, will repeatedly target and victimize children unless and until they are caught. The parties' proposed sentence is necessary and just punishment for this defendant.

### d.     Deterrence of Others (18 U.S.C. § 3553(a)(2)(B)) and Protection of the Public (18 U.S.C. § 3553(a)(2)(C))

Based on the egregious nature of the defendant's criminal misconduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals. Deterring the sexual exploitation of minors must be given significant weight at sentencing—children are the most defenseless members of our society and exploiting a child's innocence by persuading and enticing him to send child sexual abuse material to an adult is an egregious crime. Thus, this factor includes the deterrence of the defendant in the instant case, as well as those who may consider similar offenses in the future.

Further, Mr. Barton's criminal conduct in this case demonstrates a continued sexual interest in minors, making him a danger to children. The parties' requested sentence will adequately protect the community from the defendant.

### e. Need to Avoid Sentencing Disparity (18 U.S.C. § 3553(a)(6))

Mr. Barton's criminal conduct has triggered a serious enhancement that justifiably increases his guideline range above the prescribed mandatory minimum. The government submits that parties' agreed upon sentence is sufficient but not greater than necessary while avoiding sentencing disparities. The recommended sentence is within the guidelines and is not unreasonable. The government asks that the Court honor the parties' agreement.

## IV. RESTITUTION

The government asks the Court to award restitution as contemplated in the plea letter in an amount of at least $3,000 to the minor victim.

## V. FORFEITURE

There is no forfeiture request.

## VI. CONCLUSION

For all of the foregoing reasons, and in consideration of the facts and circumstances of this case, the government respectfully requests that the Court sentence Mr. Barton to the parties' agreed upon sentence of twenty-five (25) years' imprisonment, followed by a term of twelve years of supervised release. Such a sentence is warranted, provides just punishment, and is not greater than necessary to address defendant's crimes and the factors set forth at 18 U.S.C. § 3553(a).

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

/s/ Heidi M. Grogan
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219